■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANA RIVERA, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Orleans County Court, Miles, J.—absconding from temporary release, first degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN SAYLOR, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of felony driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and speeding. He contends on appeal that the evidence before the suppression court was insufficient to demonstrate that the police officer had reasonable suspicion to stop defendant's vehicle for speeding. We disagree.

The issue at the hearing was not whether defendant was speeding, but whether the police officer had reasonable suspicion to believe that defendant was speeding. Although the officer did not testify in detail about his training, the court was entitled to assume, for purposes of this hearing, that a police officer with over a year's experience can visually estimate the speed of a moving vehicle. Moreover, the radar unit clocked defendant's speed at 54 miles per hour, adding additional support to the officer's estimate. Although at trial it would be necessary for the People to establish that the radar unit was in proper working order (see, People v Knight, 72 NY2d 481), the suppression court properly concluded that such detailed proof was not required at a probable cause hearing. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—felony driving while intoxicated.) Present —Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.