■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUBREY WYNN, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the court erred in permitting the prosecutor to cross-examine him concerning a pending drug sale charge. Because the defendant, in his direct case, denied ever selling drugs, the prosecutor's inquiry into the pending drug sale charge was admissible to contradict and otherwise respond to the direct testimony *(see, People v Betts,* 70 NY2d 289, 295). Further, that cross-examination was admissible pursuant to the intent exception to the *Molineux* rule *(see, People v Hernandez,* 71

NY2d 233, 246-247) or the accident or mistake exception *(see, People v Henson,* 33 NY2d 63, 72-73).

Defendant also contends that his absence at a *Sandoval* conference deprived him of his right to be present at a material stage of his trial. Because defendant failed to object to the court's consideration of the *Sandoval* motion in his absence, this issue has not been preserved for our review and we decline to reach it in the interest of justice *(see, People v Dunbar,* 172 AD2d 1006; *People v Howard,* 167 AD2d 922). (Appeal from Judgment of Monroe County Court, Wisner, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.