*560
 
 OPINION OF THE COURT
 

 Levine, J.
 

 Defendant and codefendant Robert Jones were indicted for criminal possession of a controlled substance in the first degree arising out of the seizure of a large quantity of cocaine from an automobile defendant had rented. At the suppression hearing in the case, Trooper Cuprill of the State Police, the sole People’s witness, testified as follows. About 1:00 p.m. September 14, 1991, while parked in a marked patrol car in the median of the Thruway located in the Town of Bethlehem, Albany County, the Trooper observed a northbound blue Chevrolet pass by at a speed clocked by radar of 54 miles per hour. Trooper Cuprill observed that the driver was not wearing his seat belt. The Trooper pursued and stopped the vehicle about two miles beyond the point of initial observation. Upon pulling off the highway behind the Chevrolet, Cuprill observed defendant sit up from a reclining position in the passenger front seat, apparently also not wearing a seat belt.
 

 Trooper Cuprill asked the driver, codefendant Jones, to exit the Chevrolet with his operator’s license and vehicle registration and accompany him to the rear of the vehicle. Jones produced a nonpicture New York operator’s license issued to a "Thomas Cooper”.
 
 *
 
 He also produced a rental agreement for the Chevrolet naming defendant as lessee. Cuprill informed Jones that he was stopped for a seat belt violation and then asked Jones where he came from and where he was going. Jones replied that he was returning to Buffalo from New York City after dropping off his niece at college, in a one-day round trip. The Trooper instructed Jones to return to his vehicle but retained his license and the rental document.
 

 Trooper Cuprill then instructed defendant to exit from the front passenger seat and come to the rear of the Chevrolet. Defendant produced a valid New York driver’s license in his name. Cuprill observed that defendant appeared to be very nervous and agitated, staring at the Trooper’s sidearm. Asked
 
 *561
 
 about the origin and destination of their trip, defendant indicated they were en route from the New York/New Jersey area, had spent a couple of days in New York City and were returning to the Buffalo area. The Trooper told defendant to return to his vehicle, but also retained defendant’s operator’s license. Cuprill went back to the troop car, and ran a license suspension revocation check on the licenses presented by defendant and Jones and on the status of the vehicle, all of which came back negative. He then started to write up two tickets for seat belt violations. Instead of issuing them, however, he decided that he “wanted to go through the vehicle” and radioed for a backup officer in order to perform a possible vehicle search.
 

 Defendant and Jones waited in the Chevrolet without being told the reason for the delay. When a backup Trooper arrived, Trooper Cuprill used his public address system to order Jones to return to the troop car. Cuprill handed Jones the two traffic tickets and asked him whether his car contained weapons or drugs. Jones replied no, but that they could go ahead and look. Cuprill then filled out a State Police Consent to Search form and handed it to Jones, who signed it. The search that followed disclosed a bag under the driver’s seat containing 1/2 of a kilogram of cocaine.
 

 Supreme Court denied defendant’s motion to suppress the cocaine seized by the State Police. It held that the initial stop of the vehicle occupied by defendant was justified by Trooper Cuprill’s observation of the seat belt violation. The court further held that the inconsistencies in defendant’s and Jones’ responses to questions on the origin, length and destination of their trip and defendant’s nervousness during questioning raised a reasonable suspicion of criminality on their part, justifying continued detention. Finally, Supreme Court upheld the validity of Jones’ consent, concluding that Jones had authority to give consent to the search of the vehicle and did so voluntarily. The Appellate Division affirmed (202 AD2d 902), with two Justices dissenting. The case is before us by leave of a Justice of that Court.
 

 We now reverse. The search in this case was the product of an inseparable illegal detention of defendant and Jones. Defendant, as the lessee of the automobile searched, had a possessory interest in, dominion and control over and the right to exclude others from the vehicle. Hence, defendant clearly had a legitimate expectation of privacy with respect to
 
 *562
 
 the interior of the vehicle and its contents sufficient to give him standing to challenge the search and seizure
 
 (Rakas v
 
 Illinois, 439 US 128,149;
 
 People v Wesley,
 
 73 NY2d 351, 357).
 

 A traffic stop constitutes a limited seizure of the person of each occupant
 
 (People v May,
 
 81 NY2d 725, 727;
 
 People v Harrison,
 
 57 NY2d 470, 476). For a traffic stop to pass constitutional muster, the officer’s action in stopping the vehicle must be justified at its inception and the seizure must be reasonably related in scope, including its length, to the circumstances which justified the detention in the first instance
 
 (United States v Sharpe,
 
 470 US 675, 682;
 
 see also, Florida v Royer,
 
 460 US 491, 500 [plurality opn]). While the stop was justified in the instant case, the length and circumstances of the detention were not. Consequently, the evidence ultimately seized must be suppressed
 
 (compare, People v Milaski,
 
 62 NY2d 147).
 

 Trooper Cuprill’s observations of Jones’ seat belt violation justified the initial stop of Jones and defendant in the vehicle. However, once Cuprill’s license and stolen vehicle radio check came back negative and he prepared the traffic tickets for the seat belt violations, the initial justification for seizing and detaining defendant and Jones was exhausted
 
 (see, People v Milaski,
 
 62 NY2d, at 156,
 
 supra).
 
 The Trooper nevertheless retained their licenses, effectively forcing them to remain at the scene while he awaited the appearance of the backup Trooper he had requested. This continued involuntary detention of defendant and Jones and their vehicle constituted a seizure in violation of their constitutional rights, unless circumstances coming to Cuprill’s attention following the initial stop furnished him with reasonable suspicion that they were engaged in criminal activity
 
 (People v Milaski,
 
 62 NY2d, at 156,
 
 supra; see also, People v May,
 
 81 NY2d 725, 727,
 
 supra).
 
 Contrary to the holdings of the courts below, defendant’s nervousness and the innocuous discrepancies in his and Jones’ answers to the Trooper’s questions regarding the origin, destination and timing of their trip did not alone, as a matter of law, provide a basis for reasonable suspicion of criminality
 
 (People v Milaski,
 
 62 NY2d, at 156,
 
 supra).
 

 The illegal detention of defendant and Jones in this case requires suppression of the evidence seized in the search of their vehicle. Trooper Cuprill readily admitted that he delayed issuing the traffic tickets and returning the licenses and rental agreement to defendant and Jones for the specific
 
 *563
 
 purpose of effecting a search of the automobile. The consent to search was obtained during or immediately after that extended detention and without any intervening circumstances. Thus, under no rational view of the evidence at the suppression hearing can it be concluded that Jones’ consent was acquired by means sufficiently distinguishable from the taint of illegal detention
 
 (see, Florida v Royer,
 
 460 US 491, 507-508,
 
 supra; see also, People v Hollman,
 
 79 NY2d 181, 194;
 
 People v Gonzalez,
 
 39 NY2d 122, 128;
 
 cf., People v Borges,
 
 69 NY2d 1031;
 
 United States v Ramos,
 
 42 F3d 1160,1164 [8th Cir]).
 

 Accordingly, the order of the Appellate Division should be reversed, defendant’s motion to suppress granted and the indictment dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order reversed, etc.
 

 *
 

 Jones’ true identity was not discovered until after he and defendant were arrested.