■ **The People of the State of New York**, Respondent, v **Robert L. Norman**, Appellant. [629 NYS2d 920] —Upon remittitur from the Court of Appeals, judgment unanimously affirmed. Memorandum: Defendant was convicted of grand larceny in the third degree (Penal Law § 155.35) and criminal possession of stolen property in the third degree (Penal Law § 165.50) based upon evidence that he obtained over $20,000 from a customer for the purchase of a log home kit but later failed to deliver the promised goods. The trial court properly permitted the People to introduce evidence of similar transactions between defendant and other customers. That evidence "was probative on the issue of defendant's intent and showed a common plan or scheme" (*People v Coloney*, 98 AD2d 969, 970; *see, People v Bayne*, 82 NY2d 673, 676; *People v Molineux*, 168 NY 264). We reject defendant's contention that the court improperly limited defense counsel's summation (*see, People v Miller*, 168 AD2d 642, lv denied 78 NY2d 956; *People v Brown*, 136 AD2d 1, 16, lv denied 72 NY2d 857, cert denied 488 US 897). The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Remittitur from Court of Appeals—Appeal from Judgment of Jefferson County Court, Clary, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.

■ **The People of the State of New York**, Respondent, v **Robert A. Lawrence**, Appellant. (Appeal No. 1.) [631 NYS2d 258] —Upon remittitur from the Court of Appeals, judgment unanimously affirmed. Memorandum: Upon remittitur from the Court of Appeals, we affirm defendant's conviction of criminal possession of a controlled substance in the fifth degree. We reject the contention of defendant that the verdict finding him guilty of that crime is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Remittitur from Court of Appeals—Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Balio, Davis and Boehm, JJ.

■ **The People of the State of New York**, Appellant, v **Odoi Crump**, Also Known as **Odoi Copanas**, Respondent. [629 NYS2d 602] —Order unanimously affirmed. Memorandum: The record supports the determination of the suppression court that the police lacked reasonable suspicion justifying the stop of the vehicle driven by defendant. A police officer received a

radio transmission that shots had been fired and that a dark-colored vehicle, possibly a Cadillac, was seen speeding from a specified area. Some eight minutes later, the officer observed a brown Cadillac parked on a street about one or two minutes from that area. When the officer drove by the Cadillac, the occupants looked away from the police car. After the Cadillac left the parking space and proceeded past the police car, the officer followed and stopped it. Those circumstances were insufficient to provide the officer with reasonable suspicion that defendant had committed or was about to commit a crime *(see, People v May,* 81 NY2d 725; *see generally, People v Banks,* 85 NY2d 558; *People v Spencer,* 84 NY2d 749; *People v Cantor,* 36 NY2d 106, 112-113). (Appeal from Order of Onondaga County Court, Cunningham, J.—Dismiss Indictment.) Present—Denman P. J., Lawton, Wesley, Balio and Boehm, JJ.