■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELTON R. FORTE, Appellant. [652 NYS2d 446] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a

judgment convicting him after a jury trial of criminal possession of marihuana in the third degree. He contends that County Court erred in refusing to suppress physical evidence seized during the search of a vehicle in which he was a passenger. Defendant contends that the police lacked justification to search the vehicle; that the driver's consent to that search did not extend to unlocked containers within the vehicle; and that, because the driver did not have shared control of and access to the duffel bag on the back seat next to where defendant had been sitting, the driver's consent to a search of the vehicle did not extend to the duffel bag. We disagree.

The officers were justified in stopping the vehicle for the traffic infraction of speeding (*see, People v Durgey,* 186 AD2d 899, 900, *lv denied* 81 NY2d 788; *People v Saylor,* 166 AD2d 899, *lv denied* 77 NY2d 966). Radar equipment detected that the vehicle was proceeding at about 80 miles per hour. While stopping the vehicle, the officers observed a front seat passenger reach down as if to hide something under the seat. Further, after stopping the vehicle, the driver and passengers gave conflicting explanations of where they had been and whom they had visited. The front seat passenger's conduct, the conflicting statements of the driver and passengers, the traffic infraction and the late hour of the stop justified the police request for consent to search the vehicle (*see, People v Battaglia,* 86 NY2d 755; *People v Carter,* 199 AD2d 817, 819, *affd* 86 NY2d 721, *rearg denied* 86 NY2d 839; *People v Durgey, supra,* at 900), and the driver's voluntary written consent authorized the search. That search properly encompassed containers within the vehicle, including the duffel bag on the back seat of the car (*see, People v Durgey, supra,* at 900-901; *People v Sora,* 176 AD2d 1172, *lv denied* 79 NY2d 864).

During cross-examination, defendant denied any familiarity with marihuana and the jargon associated with the sale of marihuana or its packaging. In light of that testimony, the court did not abuse its discretion in permitting the People to impeach the credibility of defendant by questioning him concerning the facts of his prior arrest and conviction for possession of marihuana (*see, People v Blakeney,* 219 AD2d 10, *affd* 88 NY2d 1011; *People v Vincent,* 212 AD2d 828, 830, *lv denied* 85 NY2d 915; *People v Wynn,* 175 AD2d 659, *lv denied* 78 NY2d 1083, 80 NY2d 911). Defendant did not object to the admission of rebuttal testimony and thus failed to preserve for our review his contention that the court abused its discretion in admitting rebuttal testimony designed to impeach his credibility (*see, People v Dawkins,* 203 AD2d 957, 958, *lv denied* 84

NY2d 824). We decline to exercise our power to review that issue as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Herkimer County Court, Kirk, J.—Criminal Possession Marihuana, 3rd Degree.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.