**James CARTER, Petitioner–Appellant,**

v.

**Walter KELLY, Respondent–Appellee.**

**Docket No. 99–2385.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2001.

Kim P. Bonstrom, Esq., New York, NY, for appellant.

Edward J. Lindner, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, and Peter H. Schiff, Senior Counsel, on the brief, Albany, NY, for appellee.

Present WALKER, Chief Judge, LEVAL, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Petitioner-appellant James Carter appeals from the June 15, 1999 judgment of the district court denying his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Carter seeks to vacate his 1991 state conviction for first degree criminal possession of a controlled substance, second degree conspiracy, and seventh degree criminal possession of a controlled substance, as well as his sentence of twenty-five years to life imprisonment. On November 13, 2000, this court granted Carter's motions for appointment of counsel, *in forma pauperis* status, and the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253.

Carter's conviction stems from the stop and search of a car in which he was a passenger. After being stopped for speeding, the driver consented to a search of the vehicle, which resulted in the seizure of cocaine. In his federal habeas petition, Carter argued, *inter alia*, that his trial counsel's failure to establish Carter's standing to challenge the search and seizure of the car under *People v. Millan*, 69 N.Y.2d 514, 516 N.Y.S.2d 168, 508 N.E.2d 903 (1987), constituted ineffective assistance of counsel.

The certificate of appealability requires Carter to make the following showing: (1) that he has a meritorious standing claim under *Millan* and its progeny, or otherwise; (2) that he has a meritorious Fourth Amendment claim; (3) that there is a reasonable probability that the verdict would have been different had the objectionable evidence not been admitted; and (4) that, given the state of the law, counsel was ineffective for failing to raise these issues. Because Carter does not have a meritorious Fourth Amendment claim, and hence could not have been prejudiced by his counsel's failure to establish standing to contest this point, we affirm the district court's dismissal of Carter's habeas corpus petition and do not reach the other issues raised by this appeal.

We review *de novo* the district court's denial of a habeas corpus petition. *Washington v. Schriver*, 255 F.3d 45, 52 (2d Cir.2001). The standard of review we apply to the state court's rejection of Carter's ineffective assistance claim is supplied by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that a writ of habeas corpus will be granted only if the state court decision "was contrary to, or involved an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Although the New York Court of Appeals did not explicitly refer to the ineffective assistance claim, its disposition brings AEDPA into play under our holding in *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001).

Carter argues that the valid stop for speeding ripened into an illegal seizure, and thereby vitiated the driver's subsequent consent, because the trooper detained the car longer than was necessary to write a traffic ticket. We are not persuaded by this argument because Carter has failed to establish that the trooper's conduct went beyond the scope of the search and seizure justified by the stop for speeding. In particular, Carter's reliance on *People v. Banks*, 85 N.Y.2d 558, 626 N.Y.S.2d 986, 650 N.E.2d 833 (1995), to support his Fourth Amendment claim is misplaced. Unlike *Banks*, the trooper here did not unjustifiably detain the passengers of the car before obtaining consent to search by unduly delaying the issuance of the tickets or engaging in other improper conduct. *Banks*, 85 N.Y.2d at 561–62, 626 N.Y.S.2d 986, 650 N.E.2d 833. Moreover, *Banks* was decided some four years after the suppression hearing, and thus Carter's counsel could not have taken it into account.

Given the weaknesses of Carter's Fourth Amendment claim, we cannot find that the state court's rejection of the ineffective assistance claim was unreasonable.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**