■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY FLEMMING, Appellant. [872 NYS2d 814]—

Appeal from a judgment of the Supreme Court, Oneida County (Barry M. Donalty, A.J.), rendered May 19, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). Contrary to defendant's contention, Supreme Court properly refused to suppress evidence, including a handgun, seized by a police officer from defendant's person. After the vehicle in which defendant was a passenger was lawfully stopped for a traffic violation, defendant refused to move his hands in accordance with the officer's instructions to do so, thereby threatening the safety of the officer. The officer, who had been told by a fellow officer that defendant had previously carried a handgun, also observed a bulge in defendant's waistband. "Considering the totality of the circumstances . . . , there was an ample measure of reasonable suspicion necessary to justify" the officer's limited frisk for weapons (*People v Benjamin*, 51 NY2d 267, 271 [1980]; *see People v Robinson*, 278 AD2d 808, 809 [2000], *lv denied* 96 NY2d 787 [2001]; *see generally People v Prochilo*, 41 NY2d 759, 761-762 [1977]). Contrary to defendant's further contention, "the five-year period of postrelease supervision is mandatory based on defendant's status as a second felony offender" (*People v McQuiller*, 19 AD3d 1043, 1045 [2005], *lv denied* 5 NY3d 808 [2005]; *see People v Ware*, 28 AD3d 1124, 1125 [2006], *lv denied* 7 NY3d 852 [2006]), and thus the sentence is not illegal. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.