■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE JONES, JR., Appellant. [885 NYS2d 840]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 30, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of imprisonment of 2 to 6 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Defendant contends that Supreme Court erred in refusing to suppress the evidence obtained during a traffic stop of the vehicle in which he was a passenger based on his allegedly unlawful detention during that stop. We reject that contention. While on patrol in an area known for drug activity, a police officer observed the vehicle pull over, pick up defendant, and then circle the area. Following a lawful traffic stop for a suspended registration, "the officer had an objective, credible reason to request information from defendant[, another passenger] and the driver concerning their identities and the origin, destination and purpose of their trip" (*People v Dewitt*, 295 AD2d 937, 938 [2002], *lv denied* 98 NY2d 709, 767 [2002]). Defendant was unable to produce any identification, the driver and other passenger in the car did not know defendant's name, and the officer was unable to hear defendant's responses to his questions. We thus conclude that the officer's request that defendant step out of the vehicle was "reasonable in view of the totality of the circumstances" (*People v Alvarez*, 308 AD2d 184, 187 [2003], *lv denied* 1 NY3d 567, 3 NY3d 657 [2003]). Even assuming, arguendo, that the officer's request was actually a common-law inquiry, we further conclude that the officer had sufficient information to support "a founded suspicion that criminality [was] afoot" (*People v Hollman*, 79 NY2d 181, 185 [1992]). We reject defendant's further contention that the officer's justification for the traffic stop was exhausted once the driver explained that her insurance had lapsed because she had recently changed insurance companies. At that time, the officer had not yet issued the driver a traffic ticket and had not yet conducted any further investigation with respect to the information received from the driver and passengers (*cf. People v Banks*, 85 NY2d 558, 562 [1995], *cert denied* 516 US 868 [1995]).

We agree with defendant, however, that the enhanced sentence is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of imprisonment of 2 to 6 years (*see* CPL 470.15 [6] [b]). Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.