THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. LOPEZ, Appellant. [896 NYS2d 701]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 3, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), defendant contends that he was forcibly detained without reasonable suspicion and thus that County Court erred in refusing to suppress evidence and statements obtained as a result of the illegal detention. We reject that contention.

At 2:33 A.M. a police officer received a dispatch concerning an "armed gunpoint robbery," and that dispatch described the suspects as two black males, one on a bicycle and one on foot, wearing dark hooded sweatshirts or jackets. Within five minutes of the dispatch and two to three blocks of the crime scene, the officer observed defendant, who generally matched the description of the suspects, walking on the sidewalk. No one else was in the area. Although the officer's request to defendant that he "hang on a second" did not constitute a forcible detention requiring reasonable suspicion (*see People v Bent*, 206 AD2d 926 [1994], *lv denied* 84 NY2d 906 [1994]; *see also People v Reyes*,

199 AD2d 153, 154-155 [1993], *affd* 83 NY2d 945 [1994], *cert denied* 513 US 991 [1994]), the officer's subsequent frisk of defendant required either " 'a reasonable suspicion that [defendant] has committed or is about to commit a crime' . . . [or] 'a reasonable suspicion that the [officer was] in physical danger and that defendant poses a threat to [his] safety' " (*People v Stevenson*, 273 AD2d 826, 827 [2000]; *see generally People v Watson*, 96 AD2d 1066, 1067 [1983]).

Here, the officer testified at the suppression hearing that his only ground for frisking defendant was the "nature of the call . . . [being] a gunpoint robbery." Defendant engaged in no furtive acts and there were no bulges observed under his clothing (*cf. People v Flemming*, 59 AD3d 1004 [2009], *lv denied* 12 NY3d 816 [2009]; *People v Robinson*, 278 AD2d 808 [2000], *lv denied* 96 NY2d 787 [2001]). Thus, the officer's frisk required a reasonable suspicion that defendant committed the gunpoint robbery. Contrary to defendant's contention, we conclude that the officer had the requisite reasonable suspicion "based upon the general description of the perpetrator [that] matched the description of the defendant, the close proximity of the defendant to the site of the crime, and the short passage of time between the commission of the crime and the observation of the defendant" (*People v Hines*, 46 AD3d 912, 913 [2007], *lv denied* 10 NY3d 812 [2008]; *see People v Owens*, 39 AD3d 1260, 1261 [2007], *lv denied* 9 NY3d 849 [2007]; *People v Hunt*, 306 AD2d 497, 498 [2003], *lv denied* 1 NY3d 573 [2003]). Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.