■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK D. LOWE, Appellant. [917 NYS2d 787]—

Appeal from a judgment of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), rendered January 24, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and speeding.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant contends that Supreme Court erred in refusing to suppress evidence seized by the police from the vehicle defendant was driving. We reject that contention. The police officer who stopped the vehicle testified at the suppression hearing that he did so based on his observation that defendant was driving in excess of the posted speed limit. "The court's determination to credit the testimony that the stop was based on a traffic violation is entitled to great deference" (*People v Frazier*, 52 AD3d 1317 [2008], *lv denied* 11 NY3d 788 [2008]). The record of the suppression hearing establishes that the police officer had a founded suspicion that criminal activity was afoot, and thus he was justified in asking defendant if there was anything in the vehicle that was illegal and in asking for defendant's consent to search the vehicle (*see People v Ponder*, 43 AD3d 1398, 1399 [2007], *lv denied* 10 NY3d 770 [2008]; *see also People v Edwards*, 14 NY3d 741, 742 [2010], *rearg denied* 14 NY3d 794 [2010]). At the time the police officer asked defendant those questions, he was aware that he was as-

sisting in a narcotics investigation where defendant was seen leaving in the stopped vehicle from a known drug location. Further, defendant appeared very nervous and lied about the location from where he was driving. The record also establishes that defendant voluntarily consented to the search of the vehicle (*see Ponder*, 43 AD3d at 1399). "That search properly encompassed containers within the vehicle" (*People v Forte*, 234 AD2d 891, 892 [1996], *lv denied* 90 NY2d 939 [1997]), including the box in which the drugs were found.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.