# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**660**

**KA 07-02376**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

QUINCY GOODSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MATTHEW J. CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered September 19, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in refusing to suppress the handgun found on his person. Defendant correctly concedes that the police properly stopped the vehicle in which he was a passenger based on a traffic infraction, but he contends that the handgun should have been suppressed because the officers lacked reasonable suspicion to order him to exit the vehicle or frisk him. We reject that contention.

It is well settled that, "out of a concern for safety, 'officers may . . . exercise their discretion to require a driver who commits a traffic violation to exit the vehicle *even though they lack any particularized reason for believing [that] the driver possesses a weapon*' " (*People v Robinson*, 74 NY2d 773, 774, *cert denied* 493 US 966, quoting *New York v Class*, 475 US 106, 115). "Inasmuch as the risks in . . . police/civilian vehicle encounters are the same whether the occupant is a driver or a passenger, '[the] police may [also] order [passengers] out of an automobile during a stop for a traffic violation' " (*id.* at 775, quoting *Michigan v Long*, 463 US 1032, 1047-1048). In addition, police officers may frisk passengers in a lawfully stopped vehicle to the extent necessary to guard their safety, provided that they act on " 'reasonable suspicion that

criminal activity is afoot and on an articulable basis to fear for [their] own safety' " (*People v Jones*, 39 AD3d 1169, 1170-1171, quoting *People v Torres*, 74 NY2d 224, 226).  Here, the officer observed defendant reach towards his waistband while he was sitting in the vehicle and then quickly pull his hand away.  The officer also had been informed that another passenger in the vehicle matched the description of the suspect in a series of recent robberies in the area where the vehicle was stopped, and the officer observed additional furtive gestures by that passenger.  Thus, "[c]onsidering the totality of the circumstances . . ., [we conclude that] there was an ample measure of reasonable suspicion necessary to justify" the officer's limited frisk for weapons (*People v Benjamin*, 51 NY2d 267, 271; *see People v Flemming*, 59 AD3d 1004, *lv denied* 12 NY3d 816; *People v Crespo*, 292 AD2d 177, *lv denied* 98 NY2d 709).

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court