# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**3**
**KA 08-02222**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

TODD E. CARR, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, A.J.), rendered August 20, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress evidence is granted, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that County Court erred in refusing to suppress the physical evidence obtained from his vehicle because it was seized as the result of an illegal search. We agree.

At the suppression hearing, the arresting police officer testified on direct examination that, on October 10, 2007 at approximately 4:00 a.m., he approached defendant's vehicle because the vehicle was illegally parked. The officer asked defendant, "what's going on?" and observed that defendant appeared to be very nervous. After the officer inquired as to why defendant was so nervous, defendant replied that he was seeking a prostitute. The officer described the area where the encounter occurred as an "open air drug market" characterized by a high incidence of prostitution and noted that, in his experience, persons seeking prostitutes were often found to possess illegal drugs. The officer thereafter sought and obtained defendant's permission to search the vehicle and, during the ensuing search, discovered a handgun underneath the passenger seat. On cross-examination, the officer acknowledged that, before he sought

defendant's permission to search the vehicle, he asked defendant if there was "anything in the car that [the officer] should be aware of." The officer could not recall whether he posed that question before or after defendant made the admission concerning the prostitute.

We analyze defendant's contentions pursuant to the four-tiered framework for citizen-police encounters set forth in *People v De Bour* (40 NY2d 210, 223; *see People v Garcia*, 20 NY3d 317, ___; *People v Hollman*, 79 NY2d 181, 184-185). At its inception, the encounter was a request for information, and defendant does not dispute that "[t]he police had an objective, credible reason for approaching [his] car . . . inasmuch as the car was illegally parked" (*People v Valerio*, 274 AD2d 950, 951, *affd* 95 NY2d 924, *cert denied* 532 US 981). Nevertheless, once the officer asked if there was anything in the vehicle he "should be aware of," the encounter became a common-law inquiry under *De Bour*, requiring a "founded suspicion that criminal activity is afoot" (*De Bour*, 40 NY2d at 223; *see generally Garcia*, 20 NY3d at ___ n 1; *People v Ponder*, 43 AD3d 1398, 1399, *lv denied* 10 NY3d 770). We conclude that the People failed to meet their burden of establishing the legality of the police conduct, i.e., that the officer possessed the requisite founded suspicion to make such an inquiry (*see generally People v Riddick*, 70 AD3d 1421, 1423, *lv denied* 14 NY3d 844). Although defendant ultimately admitted that he was seeking a prostitute, as noted the officer could not recall whether defendant made that admission before or after the officer inquired regarding the contents of the vehicle. Absent defendant's admission, the evidence demonstrated only that defendant appeared nervous and that the encounter took place in a "high-crime" area. Such factors alone are insufficient to elevate the encounter to a common-law inquiry (*see generally Garcia*, 20 NY3d at ___; *People v Banks*, 85 NY2d 558, 562, *cert denied* 516 US 868; *People v Boulware*, 130 AD2d 370, 374, *appeal dismissed* 70 NY2d 994).

Inasmuch as defendant's consent to the search was obtained immediately after the improper inquiry concerning the contents of the vehicle, we cannot conclude that defendant's consent was acquired by means "sufficiently distinguishable from the taint" of the illegal inquiry (*Banks*, 85 NY2d at 563; *see generally Hollman*, 79 NY2d at 194). As a result, the evidence seized during the search of the vehicle must be suppressed.

Entered:  February 8, 2013                           Frances E. Cafarell
                                                     Clerk of the Court