Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered September 23, 2010, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a conditional discharge, unanimously affirmed.
The court properly denied defendant’s suppression motion. In a drug-prone neighborhood, the arresting detective saw defendant place what appeared to be an aluminum foil object, consistent with drug packaging, in his shirt pocket. With two other officers standing on either side of defendant, the detective approached defendant. As the detective approached, but before any police action other than the approach itself, defendant acted in a nervous manner and appeared to be using his hand to block the officers’ view of the pocket in which he had placed the object. The detective told defendant to stop moving his hand and asked him “if he had anything illegal or what he had in his pocket.”
Contrary to defendant’s contention, this police conduct constituted a level-two common-law inquiry, not a level-three seizure (see e.g. People v Jenkins, 209 AD2d 164 [1st Dept 1994]), and it was justified by, at least, a founded suspicion of criminality. Defendant’s response to the detective’s inquiry led to probable cause for defendant’s arrest. The Court of Appeals’ decision in People v Garcia (20 NY3d 317 [2012]) does not dictate a different result. In Garcia defendant’s vehicle was pulled over because of a defective brake light. Aside from the faulty light, there was no indication of criminality by the occupants of the car; they merely appeared nervous and acted “furtive[ly]” by “stiffening] up” and “looking behind” upon being pulled over (id. at 320). The Court of Appeals agreed with *542 this Court that a defendant’s nervousness, without more, is not enough to give rise to a founded suspicion of criminality that allows for a common-law inquiry. Here, however, apart from seeming nervous, defendant was observed in a drug-prone neighborhood pulling what appeared to be an aluminum foil packet out of his pocket. The arresting officer suspected that the aluminum foil contained cocaine because cocaine is often packaged in that manner. And, unlike Garcia, where the alleged “furtive” behavior was consistent with nervousness over being pulled over, here, defendant’s attempt to block the officers’ view of the shirt pocket in which he had placed the aluminum packet was consistent with someone in possession of a controlled substance attempting to avoid apprehension. These circumstances were sufficient to give the police the requisite founded suspicion to approach and question defendant. Concur — Mazzarelli, J.P., Acosta, Renwick, Richter and Gische, JJ.