# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1450

KA 13-00336

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSE DEALMEIDA, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LABE M. RICHMAN, NEW YORK CITY, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 23, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Oneida County Court for further proceedings on the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). In appeal No. 2, defendant appeals by permission of this Court from an order denying his motion pursuant to CPL article 440 seeking to vacate that judgment.

With respect to appeal No. 1, we reject defendant's contention that the plea was rendered involuntary by County Court's failure to advise him of the immigration consequences of the plea. Assuming, arguendo, that due process required the court to apprise defendant of the immigration consequences of his misdemeanor plea (*see People v Peque*, 22 NY3d 168, 197 n 9), we conclude that the court fulfilled its obligation during the plea colloquy. The colloquy shows that "the court assure[d] itself that the defendant kn[ew] of the possibility of deportation prior to entering [the] guilty plea, [and therefore] the plea [is] knowing, intelligent and voluntary" (*id.* at 197). We likewise reject defendant's contention that he received ineffective assistance of counsel based on defense counsel's alleged failure to advise him of the immigration consequences of the guilty plea. Defense counsel indicated during the plea that there was a "risk of deportation" (*Padilla v Kentucky*, 559 US 356, 374). We reject

defendant's contention that defense counsel should have advised defendant that deportation was "virtually mandatory," and we conclude that defendant was not denied effective assistance of counsel on this ground (*see People v Galan*, 116 AD3d 787, 789-790; *People v Montane*, 110 AD3d 1101, 1102, *lv denied* 22 NY3d 1089).

We agree with defendant, however, that he was denied effective assistance of counsel based on defense counsel's failure to move to suppress the drugs that the police seized from his person during a traffic stop.  In a supporting deposition, a police officer stated that he stopped defendant's vehicle after observing defective brake lights, in violation of Vehicle and Traffic Law § 375 (40).  He observed that defendant was nervous, and defendant gave responses to questions concerning where he was coming from and where he was going that did not make sense considering the direction in which he was traveling.  The officer ordered defendant out of the vehicle and asked him "if he had anything illegal on him," and defendant responded that he had "coke" in his pocket.  The officer then searched defendant's pocket and retrieved what was later determined to be cocaine.

We conclude that defendant established that a motion to suppress would likely be successful, and that defense counsel had no strategic or other legitimate explanation for not moving to suppress the evidence (*cf. People v Morris*, 117 AD3d 1580, 1581; *People v Johnson*, 81 AD3d 1428, 1428-1429, *lv denied* 16 NY3d 896).  The officer's question whether defendant had anything illegal on him constituted a level two common-law inquiry, which required a founded suspicion that criminal activity was afoot (*see People v Loretta*, 107 AD3d 541, 541, *lv denied* 22 NY3d 1157; *People v Carr*, 103 AD3d 1194, 1195; *People v Lowe*, 79 AD3d 1676, 1676, *lv denied* 16 NY3d 833; *see also People v Garcia*, 20 NY3d 317, 324).  Defendant's nervousness and discrepancies in describing where he was coming from and going are not enough to give rise to a reasonable suspicion that criminal activity is afoot (*see People v Banks*, 85 NY2d 558, 562, *cert denied* 516 US 868; *People v Milaski*, 62 NY2d 147, 156; *cf. Lowe*, 79 AD3d at 1676-1677; *see also Carr*, 103 AD3d at 1195).  We further conclude that defendant's contention survives his guilty plea inasmuch as defense counsel's error infected the plea bargaining process (*see generally People v Atkinson*, 105 AD3d 1349, 1350, *lv denied* 24 NY3d 958).  We therefore reverse the judgment in appeal No. 1, vacate the plea, and remit the matter to Oneida County Court for further proceedings on the indictment.

In light of our determination in appeal No. 1, we decline to review defendant's remaining contention therein, and we dismiss as moot defendant's appeal from the order in appeal No. 2 (*see People v Adams*, 15 AD3d 987, 987, *lv denied* 4 NY3d 851).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court