# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**115**
**KA 13-00154**
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DARREN HIGHTOWER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 19, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress physical evidence obtained by the police following a stop of the vehicle in which defendant was a passenger. We agree. At the outset, we note that defendant correctly concedes that the vehicle was lawfully stopped for having excessively tinted windows in violation of the Vehicle and Traffic Law (*see People v Estrella*, 48 AD3d 1283, 1284, *affd* 10 NY3d 945, *cert denied* 555 US 1032). Defendant further correctly concedes that, following the stop of the vehicle, the officer was entitled to make level one inquiries concerning defendant's identity and destination (*see People v Dewitt*, 295 AD2d 937, 938, *lv denied* 98 NY2d 709, *reconsideration denied* 98 NY2d 767; *see generally People v De Bour*, 40 NY2d 210, 223), and to direct him to exit the vehicle when the driver admitted that he had no driver's license and defendant was unable to produce identification (*see People v Jones*, 66 AD3d 1476, 1477, *lv denied* 13 NY3d 908).

Contrary to the determination of the suppression court, however, we conclude that the officer's further escalation of the encounter exceeded permissible bounds. The officer testified at the suppression

hearing that, when defendant responded to his level one inquiries, defendant appeared fidgety, grabbed at his pants pockets, looked around, and gave illogical and contradictory responses to the officer's questions, which prompted the officer to ask defendant whether he had any weapons or drugs.  With that question, the officer "proceed[ed] to the next level of confrontation, the 'common-law inquiry,' which involves 'invasive questioning' focusing on the 'possible criminality' of the subject" (*People v Tejeda*, 217 AD2d 932, 933, quoting *People v Hollman*, 79 NY2d 181, 191-192).  That escalation was not supported by the requisite founded suspicion of criminality (*see generally De Bour*, 40 NY2d at 223).  Defendant's nervousness and the discrepancies in his explanation of where he was going did not give rise to a founded suspicion that criminal activity was afoot (*see People v Garcia*, 20 NY3d 317, 320; *People v Dealmeida*, 124 AD3d 1405, 1407).

Defendant responded to the officer's level two inquiry by saying, "you're harassing me," and then walking away.  The encounter escalated further to a level three seizure when the officer commanded him to stop, defendant continued to walk away, and the officer pursued defendant with a taser (*see People v Moore*, 93 AD3d 519, 520-521, *lv denied* 19 NY3d 865).  We reject the People's contention that defendant's conduct provided the officer with the requisite reasonable suspicion of criminality (*see generally De Bour*, 40 NY2d at 223).  "Flight alone is insufficient to justify pursuit because an individual has a right to be let alone and refuse to respond to police inquiry" (*People v Riddick*, 70 AD3d 1421, 1422 [internal quotation marks omitted], *lv denied* 14 NY3d 844; *see People v Howard*, 50 NY2d 583, 590-591, *cert denied* 449 US 1023).  Finally, we conclude that defendant's disposal of the bags containing cocaine during the officer's pursuit was precipitated by the illegality of that pursuit (*see People v Clermont*, 133 AD3d 612, 614).  Thus, the court erred in refusing to suppress the bags of cocaine.

In light of our determination that the court should have granted that part of defendant's omnibus motion seeking to suppress physical evidence, defendant's guilty plea must be vacated (*see Riddick*, 70 AD3d at 1424).  In addition, because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed (*see People v Cady*, 103 AD3d 1155, 1157).  We therefore remit the matter to County Court for further proceedings pursuant to CPL 470.45.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court