# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

984

KA 13-00893

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KAAZIM F. FREEMAN, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC, WASHINGTON, D.C. (THOMAS B. BENNETT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 12, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress tangible property and statements are granted, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress drugs and statements obtained by the police after defendant was stopped for riding a bicycle at night without a light in violation of Vehicle and Traffic Law § 1236 (a). We agree with defendant that, following the permissible stop of defendant on his bicycle, the officers improperly escalated the encounter to a level two common-law inquiry by asking defendant why he was so nervous and whether he was carrying drugs. The officers' inquiries, which involved "invasive questioning" that was "focuse[d] on the possible criminality" of defendant (*People v Hollman*, 79 NY2d 181, 191), were not supported by the requisite founded suspicion of criminality (*see People v Garcia*, 20 NY3d 317, 324; *People v Hightower*, 136 AD3d 1396, 1397; *see generally People v Dealmeida*, 124 AD3d 1405, 1407). The testimony at the suppression hearing establishes that the officers observed nothing indicative of criminality, and we conclude that defendant's nervousness upon being confronted by the police did not give rise to a founded suspicion that

criminal activity was afoot (*see Garcia*, 20 NY3d at 324; *Hightower*, 136 AD3d at 1397; *see generally Dealmeida*, 124 AD3d at 1407).  Because defendant's inculpatory oral response to the impermissible accusatory questioning resulted in the seizure of the drugs from defendant's pocket and a postarrest written statement from defendant, the drugs and the oral and written statements must be suppressed (*see generally Hightower*, 136 AD3d at 1397)

In light of our determination that the court should have granted those parts of defendant's omnibus motion seeking to suppress the drugs and statements, defendant's guilty plea must be vacated (*see id.*).  In addition, because our determination results in the suppression of all evidence in support of the crimes charged, we conclude that the indictment must be dismissed (*see id.*).

Entered:  November 18, 2016                              Frances E. Cafarell
                                                        Clerk of the Court