People v Thomas (2018 NY Slip Op 08806)





People v Thomas


2018 NY Slip Op 08806


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1189 KA 14-02128

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRELL L. THOMAS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 2, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that Supreme Court erred in finding that the police officer's stop of him was lawful and that the officer had reasonable suspicion to frisk him, and thus should have suppressed the gun found during the frisk as well as statements defendant made after his arrest. We reject that contention. The officer lawfully ordered defendant to stop riding his bicycle after the officer observed defendant violating various provisions of the Vehicle and Traffic Law (see People v Freeman, 144 AD3d 1650, 1651 [4th Dept 2016]; People v Johnson, 138 AD3d 1454, 1454 [4th Dept 2016], lv denied 28 NY3d 931 [2016]). Additionally, the officer had the requisite reasonable suspicion to frisk defendant (see generally People v De Bour, 40 NY2d 210, 223 [1976]). In particular, defendant matched the general description of suspects in a stabbing incident that had occurred nearby just minutes earlier (see People v Lopez, 71 AD3d 1518, 1519 [4th Dept 2010], lv denied 15 NY3d 753 [2010]; People v Hethington, 258 AD2d 919, 919-920 [4th Dept 1999], lv denied 93 NY2d 971 [1999]). Moreover, defendant was traveling away from the incident, tried to obscure his face when passing the officer, and was evasive and inconsistent when answering the officer's questions. The gun that was seized from defendant and the statements he made following his arrest are therefore not subject to suppression as fruit of the poisonous tree (see People v Walker, 149 AD3d 1537, 1538-1539 [4th Dept 2017], lv denied 30 NY3d 954 [2017]).
Defendant's contention that defense counsel was ineffective for failing to afford him an opportunity to testify before the grand jury " does not survive his guilty plea . . . because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (People v Halsey, 108 AD3d 1123, 1124 [4th Dept 2013]). Finally, the sentence is not unduly harsh or severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court