■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURT GUTHRIE, Appellant. [636 NYS2d 239] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention that County Court erred in refusing to suppress statements that defendant made to the police. The record shows that the police read defendant his *Miranda* rights moments after he was taken into custody and that defendant made a voluntary waiver of his rights before admitting his involvement in the crime (see, People v Williams, 62 NY2d 285). Furthermore, defendant's confession was not the product of deception, misrepresentation or improper inducement. The police did not misrepresent the nature of the proof against defendant; their promises not to prosecute defendant for making a false statement if he gave them a "straight story" did not create "a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]) and did not create a risk that defendant's will was overborne (see, People v Engert, 202 AD2d 1023, 1024).

Defendant was not deprived of a fair trial by prosecutorial misconduct. The prosecutor's comments on summation, although improper, did not improperly shift the burden of proof *(cf., People v Webb,* 68 AD2d 331, 333-334) and were made in response to defense counsel's summation *(see, People v Waldron,* 154 AD2d 635, *lv denied* 75 NY2d 777). The alleged *Brady* violation does not require reversal; there is no reasonable possibility that the verdict would have been different had the audio tape recording of defendant's voice been disclosed to defendant before trial *(see, People v Mooney,* 162 AD2d 951, *lv denied* 76 NY2d 942).

The record supports the court's conclusion that the photographic array shown to the victim was not unduly suggestive. In any event, the People demonstrated an independent basis for the in-court identification of defendant based upon the victim's extensive and repeated opportunities to view defendant's face during the attack *(see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833).

The court did not err in sentencing defendant to consecutive terms of imprisonment for his conviction of first degree rape and first degree attempted sodomy; they were separate and distinct acts, and "none of the completed offenses was a material element of another offense" *(People v Boyce,* 133 AD2d 164, citing CPL 70.25 [2]).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Steuben County Court, Scudder, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Doerr, JJ.