■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY R. ADAMS, Appellant. [886 NYS2d 525]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered November 28, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]), defendant contends that County Court abused its discretion in denying his motion to withdraw his plea without making further inquiry to ensure that the plea was voluntarily entered (*see generally People v Lopez*, 71 NY2d 662, 666 [1988]). We reject that contention. " '[T]here is no requirement for a uniform mandatory catechism of pleading defendants' " (*People v Seeber*, 4 NY3d 780, 781 [2005], quoting *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). Upon our review of the record, we conclude that nothing in the plea allocution called into question

defendant's admitted guilt or the voluntariness of the plea, and thus the court had no duty to conduct a further inquiry before denying defendant's motion (*see generally Seeber*, 4 NY3d at 781-782; *Lopez*, 71 NY2d at 666).

To the extent that the further contention of defendant that he was denied effective assistance of counsel survives the plea (*see People v Wrobel*, 57 AD3d 1499 [2008], *lv denied* 12 NY3d 789 [2009]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). "Defense counsel was not required to support defendant's *pro se* motion to withdraw the guilty plea, and we conclude that defense counsel did not take a position adverse to defendant" (*People v Klumpp*, 269 AD2d 798, 799 [2000], *lv denied* 94 NY2d 922 [2000]). We further conclude that the court properly sentenced defendant as a second felony offender, inasmuch as defendant waived strict compliance with CPL 400.21 when he admitted the predicate felony and did not challenge the predicate felony statement (*see People v Ross*, 26 AD3d 887 [2006], *affd* 7 NY3d 905 [2006]; *People v Maynard*, 294 AD2d 866 [2002], *lv denied* 98 NY2d 699 [2002]). The contention of defendant that the sentence is illegal because the court assessed a DNA databank fee despite the fact that his DNA was already on file likewise is lacking in merit. Contrary to defendant's contention, the databank fee is not a part of the sentence and thus cannot render a sentence illegal (*see generally People v Guerrero*, 12 NY3d 45, 48 [2009]). Indeed, Penal Law § 60.35 (1) (a) provides that a DNA databank fee shall be levied at sentencing "in addition to any sentence required or permitted by law." We agree with defendant, however, that the order of protection must be amended by limiting its duration to "eight years from the date of the expiration of the maximum term of [the] . . . sentence of imprisonment actually imposed" (CPL 530.13 [former (4) (ii)]), taking into account any jail time credit to which defendant is entitled (*see People v Holmes*, 294 AD2d 871 [2002], *lv denied* 98 NY2d 730 [2002]; *People v Viehdeffer*, 288 AD2d 860 [2001]; *see also People v Wilks*, 284 AD2d 905 [2001], *lv denied* 96 NY2d 926 [2001]). Although defendant raises that contention for the first time on appeal and thus has failed to preserve it for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we nonetheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date in accordance with CPL 530.13 (former [4] [ii]), the version of the statute in effect when the judgment was rendered on November 28, 2007.

Finally, the bargained-for sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.