■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC LEARY, Appellant. [894 NYS2d 682]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 23, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a controlled

substance in the first degree (Penal Law § 220.21 [1]). He contends that County Court erred in denying from the bench his request for a *Franks* hearing (*see Franks v Delaware*, 438 US 154 [1978]), which was contained in that part of his omnibus motion seeking suppression of contraband seized by the police pursuant to a search warrant. We reject that contention. "A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (*People v Fernandez*, 67 NY2d 686, 688 [1986]; *see People v Black*, 185 AD2d 609 [1992]), and the exception set forth in CPL 710.70 (2) allowing appellate review with respect to orders that "finally den[y] a motion to suppress evidence" is not applicable because defendant pleaded guilty before the court issued such an order.

We conclude, in any event, that the court properly denied defendant's request for a *Franks* hearing. Although defendant challenged the veracity of statements made by a police officer in support of the search warrant application, we conclude that the remaining information in the warrant application, apart from those statements, provided probable cause to support the issuance of the search warrant (*see People v Plevy*, 52 NY2d 58, 66 [1980]; *People v Ippolito*, 226 AD2d 285 [1996], *lv denied* 88 NY2d 966 [1996]; *see generally People v Tambe*, 71 NY2d 492, 505 [1988]). Probable cause to search the residence in question arose from, inter alia, the admission by defendant to the police following his arrest that there was approximately a kilogram of cocaine in a safe located inside the residence that the police had observed him leaving minutes before his arrest.

Defendant further contends that the court erred in refusing to conduct a probable cause hearing. There is no indication in the record, however, that defendant specifically requested such a hearing. In any event, defendant forfeited that contention by pleading guilty before a suppression hearing was held or an order was entered denying any alleged request for a hearing (*see* CPL 710.70 [2]). Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.