■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORCEN BURROUGHS, Appellant. [896 NYS2d 769]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered September 15, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that he was denied his right to due process and that his plea of guilty should be vacated because County Court failed to advise him at the time of the plea that he would be subject to a period of postrelease supervision. We reject that

1448

contention. Although defendant is correct that the court did not advise him of the period of postrelease supervision at the time of the plea, the record nevertheless establishes that defendant was advised of that fact approximately one month before sentencing, and that sentencing was adjourned twice in order to afford him the opportunity to move to withdraw his plea. The record further establishes that defendant in fact moved to withdraw his plea, but on a different ground. Thus, he had notice that postrelease supervision would be imposed and an opportunity to be heard concerning that part of the sentence, and it therefore cannot be said under the circumstances of this case that defendant was denied his right to due process (*see People v Madison,* 71 AD3d 1422 [2010]; *see generally People v Hill,* 9 NY3d 189, 193 [2007]).

Insofar as the further contention of defendant that he was denied effective assistance of counsel involves matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL article 440 (*see People v McKnight,* 55 AD3d 1315, 1317 [2008], *lv denied* 11 NY3d 927 [2009]). Insofar as defendant's contention involves matters in the record before us and survives the plea (*see People v Adams,* 66 AD3d 1355 [2009]), we conclude that it is lacking in merit (*see generally People v Ford,* 86 NY2d 397, 404 [1995]).

We reject the further contention of defendant that the court abused its discretion in denying his motion to withdraw his plea without holding a hearing inasmuch as this is not one of those "rare instance[s]" in which the defendant is entitled to an evidentiary hearing (*People v Tinsley,* 35 NY2d 926, 927 [1974]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.