■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ELLIS, Appellant. (Appeal No. 1.) [903 NYS2d 615]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered September 4, 2007. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1 defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [3]), and in appeal No. 2 he appeals from a judgment convicting him, upon his plea of guilty, of course of sexual conduct against a child in the first degree (§ 130.75 [1] [a]). Defendant contends in each appeal that County Court erred in refusing to suppress his statements to the police. We note at the outset that, although the court issued a bench decision with respect to defendant's suppression motion

"the exception set forth in CPL 710.70 (2) allowing appellate review with respect to orders that 'finally den[y] a motion to suppress evidence' is not applicable because defendant pleaded guilty before the court issued such an order" (*People v Leary*, 70 AD3d 1394, 1395 [2010]). In any event, we conclude that defendant's contention is without merit. We conclude that defendant was not in custody when he made the first statement inasmuch as, under the circumstances of this case, a reasonable person innocent of any crime would not have believed that he or she was in custody at that time (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). "Because the initial statement was not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* [statement] given by defendant cannot be considered the fruit of the poisonous tree" (*People v Flecha*, 195 AD2d 1052, 1053 [1993]). Moreover, under the circumstances of this case, the fact that defendant was transported approximately 25 miles from his house to the police station and the fact that he was informed that he failed a polygraph test, viewed together or separately, did not render defendant's statement "the product of deception, misrepresentation or improper inducement . . . and did not create a risk that defendant's will was overborne" (*People v Guthrie*, 222 AD2d 1084, 1084 [1995], *lv denied* 87 NY2d 973 [1996]; *see People v Tankleff*, 84 NY2d 992, 994 [1994]).

To the extent that defendant may be deemed to contend that the People committed a *Brady* violation by failing to provide him with the results of the polygraph test allegedly administered during the course of his interrogation, we conclude that his contention is unpreserved for our review (*see People v Thompson*, 54 AD3d 975, 976 [2008], *lv denied* 11 NY3d 858 [2008]). Indeed, defendant's contention concerns matters outside the record on appeal, which contains no polygraph test results, and thus defendant's contention may properly be raised by way of a motion pursuant to CPL article 440 (*see generally People v Burroughs*, 71 AD3d 1447 [2010]). Furthermore, to the extent that the contention of defendant that he received ineffective assistance of counsel survives his plea of guilty (*see People v Adams*, 66 AD3d 1355 [2009], *lv denied* 13 NY3d 858 [2009]), we conclude that defendant's contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Lindley, Green and Gorski, JJ.