■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUVAL SIMMONS, Appellant. [912 NYS2d 48]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered March 17, 2009, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion. In a subway car, officers recognized defendant as a person with a history of repeatedly picking the pockets of subway passengers. They also knew he was on parole, and that a condition of his parole generally barred him from being in the subway system. As defendant concedes, the officers had an objective, credible reason to approach him and ask for an explanation as to why he was in the subway. When an officer said, "[P]olice," and "Duval, stop, I need to talk to you," this was not a seizure, and no other police actions at that point went beyond a request for information (*see People v Reyes*, 83 NY2d 945 [1994], *cert denied* 513 US 991 [1994]; *People v Bora*, 83 NY2d 531, 535-536 [1994]; *People v Grunwald*, 29 AD3d 33, 38 [2006]). When defendant admitted

he knew he was not allowed to be in the subway, and gave a meritless and suspicious excuse for being there, these factors, taken together with their knowledge of defendant's criminal history, gave the police a founded suspicion that defendant was in the subway to commit a crime, and not merely that he was a parole violator whom they should report to the Division of Parole. Since the police now had a founded suspicion of criminality, an officer made a proper level II inquiry when he asked defendant whether he had "anything that he shouldn't have" (see e.g. *People v Joseph*, 38 AD3d 403, 404 [2007], *lv denied* 9 NY3d 866 [2007]), resulting in the recovery of contraband. Concur— Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.