# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**52**

**KA 09-02058**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LAKEEM WRIGHT, DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 15, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Genesee County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the second degree (Penal Law §§ 110.00, 130.30 [1]). Defendant failed to seek youthful offender status at the time of the plea proceeding or at sentencing and thus failed to preserve for our review his contention that he should have been adjudicated a youthful offender (*see People v Ficchi*, 64 AD3d 1195, *lv denied* 13 NY3d 859; *People v Capps*, 63 AD3d 1632, *lv denied* 13 NY3d 795), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We further conclude that the sentence is not unduly harsh or severe.

We agree with defendant, however, that the order of protection must be amended. Although the order required in general terms that defendant stay away from the family of the victim, it did not comply with CPL 530.13 (1) (b) inasmuch as that statute requires that "such members of the family or household of [the] victim[] . . . shall be specifically named by the court in such order" (CPL 530.13 [1] [b]). Although defendant raises that issue for the first time on appeal and thus has failed to preserve it for our review (*see generally People v Nieves*, 2 NY3d 310, 315-317; *People v Adams*, 66 AD3d 1355, 1356, *lv denied* 13 NY3d 858), we nonetheless exercise our power to review it as

a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection to render it in compliance with CPL 530.13 (1) (b), thus remitting the matter to County Court to specify the names of the victim's family members to whom the order of protection applies.