# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

616

KA 08-00858

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ERIC J. MCGINNIS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 13, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that County Court erred in refusing to suppress, inter alia, the weapon seized by the police from his vehicle. "We note at the outset that, although the court issued a bench decision with respect to [those parts of] defendant's omnibus motion [seeking to suppress the weapon found in his vehicle and his statements to the police,] the exception set forth in CPL 710.70 (2) allowing appellate review with respect to orders that finally den[y] a motion to suppress evidence is not applicable because defendant pleaded guilty before the court issued such an order" (*People v Ellis*, 73 AD3d 1433, 1433-1434, *lv denied* 15 NY3d 851 [internal quotation marks omitted]; *see People v Leary*, 70 AD3d 1394, *lv denied* 14 NY3d 889). In any event, we conclude that defendant's contention is without merit. The record of the suppression hearing establishes that the police officer who pulled over defendant's vehicle for a traffic infraction had a founded suspicion that criminal activity was afoot, and thus he was justified in asking for defendant's consent to search the vehicle (*see People v Lowe*, 79 AD3d 1676; *see also People v Simmons*, 79 AD3d 431; *People v Ward*, 22 AD3d 368, *lv denied* 6 NY3d 782). At the time the police officer asked defendant for his consent, he was aware of defendant's criminal background and had observed defendant leaving in the vehicle from a known drug location at a high rate of speed. Further,

defendant lied about the location from where he was driving.  Contrary to defendant's further contention, the record also establishes that he voluntarily consented to the search of the vehicle (*see People v Caldwell*, 221 AD2d 972, *lv denied* 87 NY2d 920; *see generally People v Gonzalez*, 39 NY2d 122, 128).