# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

886

KA 09-02627

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TIMOTHY ZUKE, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered June 16, 2009. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]), defendant contends that County Court erred in refusing to suppress his second statement to the police, which was given eight months after defendant had given a written statement to the police following an initial interview by them. That contention, however, is not properly before us. "[A]lthough the court issued a bench decision with respect to [those parts of defendant's omnibus motion seeking to suppress his statements to the police,] the exception set forth in CPL 710.70 (2) allowing appellate review with respect to orders that finally den[y] a motion to suppress evidence is not applicable because defendant pleaded guilty before the court issued such an order" (*People v Ellis*, 73 AD3d 1433, 1433-1434, *lv denied* 15 NY3d 851 [internal quotation marks omitted]; *see People v McGinnis*, 83 AD3d 1594). In addition, defendant's contention that the court should have suppressed the statement on the ground that the People presented insufficient evidence at the suppression hearing is raised for the first time on appeal and is therefore unpreserved for our review (*see People v Poole*, 55 AD3d 1354, 1355, *lv denied* 11 NY3d 929; *People v Brooks*, 26 AD3d 739, 740, *lv denied* 6 NY3d 846, 7 NY3d 810). In any event, we conclude that suppression was not warranted on the ground raised by defendant before the suppression court inasmuch as the record establishes that defendant was not in custody when he gave his second statement to the police and thus *Miranda* warnings were not required at that time (*see People v Stokes*, 212 AD2d 986, *lv denied* 86 NY2d 741; *People v Schultz*, 176 AD2d 1239, *lv denied* 79 NY2d 832; *see*

*generally People v Paulman*, 5 NY3d 122, 129; *People v Yukl*, 25 NY2d 585, 588-589, *cert denied* 400 US 851).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court