# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

884

KA 09-02050

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JEREMY SCHROO, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JASON L. COOK, DISTRICT ATTORNEY, PENN YAN (WENDY EVANS LEHMANN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered October 6, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts), course of sexual conduct against a child in the first degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) in connection with two victims, one of whom is his daughter, and one count of course of sexual conduct against a child in the first degree (§ 130.75 [1] [a]) with respect to his daughter. Defendant contends that County Court erred in refusing to suppress statements that he made to the police because the police officer had not told him he was free to leave before he made incriminating statements. We reject defendant's contention that he was in custody when he made the statements. Indeed, the court's determination that defendant was not in custody when he made the statements will not be disturbed unless it is " 'clearly erroneous,' " and that is not the case here (*People v Jones*, 9 AD3d 837, 839, *lv denied* 3 NY3d 708, 4 NY3d 745). The evidence presented at the suppression hearing established that defendant initially was interviewed for 25 minutes at the public safety building. He drove himself there and was not restrained, and the questions were investigative rather than accusatory. Thus, the court properly determined that defendant was not in custody when he made certain of the self-incriminating remarks sought to be suppressed (*see People v Lunderman*, 19 AD3d 1067, 1068-1069, *lv denied* 5 NY3d 830). With respect to the remainder of the remarks sought to be suppressed, we note that the second interview during which defendant

made those remarks occurred in his home, where he also was not in custody (*see People v Paulman*, 11 AD3d 878, *affd* 5 NY3d 122).

Defendant further contends that the evidence with respect to the younger of the two victims, who is not his daughter, is legally insufficient to support the conviction of one of the two counts of sexual abuse in the first degree because that child was not competent to testify under oath and because the People failed to prove the element that defendant's conduct was for the purpose of gratifying his sexual desire. Defendant failed to preserve those contentions for our review (*see People v Gray*, 86 NY2d 10, 19) and, in any event, they are without merit. The presumption pursuant to CPL 60.20 (2) that a child under the age of nine is not competent to give sworn testimony in a criminal proceeding may be overcome "if, upon examination, the court is satisfied that the witness understands the nature of an oath" (*People v Hetrick*, 80 NY2d 344, 349) and, contrary to defendant's contention, the court properly determined in this case that the presumption of incompetency was overcome (*see generally People v Heck*, 229 AD2d 931, 932). Also contrary to defendant's contention, the element of sexual gratification may be inferred from the sexual nature of defendant's actions (*see People v Willis*, 79 AD3d 1739, 1740, *lv denied* 16 NY3d 864).

With respect to the crimes related to his daughter, upon viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), a rational trier of fact could have found the essential elements of those crimes beyond a reasonable doubt and thus the evidence is legally sufficient to support the conviction (*see People v Calabria*, 3 NY3d 80, 81-82). Defendant's 10-year-old daughter testified that she usually slept with her father when she visited him, that the abuse occurred every time she slept with him, and that the abuse began when she was in the first grade. The daughter's mother testified that, from the time the daughter was in kindergarten she stayed at defendant's residence almost every weekend and for extended periods during the summer, including the period alleged in the indictment, i.e., the 2006-2007 school year, when the daughter was in the second grade, through August 31, 2008. We thus conclude that, contrary to defendant's contention, the evidence established that the abuse occurred over a period in excess of three months (*see* Penal Law § 130.75 [1] [a]). In addition, the jury was entitled to credit the testimony of the People's witnesses, and we therefore further conclude that the verdict is not against the weight of the evidence with respect to both victims (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he was denied his constitutional right to a fair trial based on prosecutorial misconduct and the cumulative effect of the various alleged errors raised on appeal. We also reject defendant's contention that his sentence is unduly harsh and severe. Although the court recognized that defendant was offered lenient sentences in two separate plea offers prior to trial, the court nevertheless determined that the sentences ultimately imposed were warranted after it heard the testimony presented at trial

and reviewed the presentence report.  We decline defendant's request
that we exercise our power to modify the sentences as a matter of
discretion in the interest of justice (*see* CPL 470.15 [6] [b]).  We
have reviewed defendant's remaining contentions and conclude that they
are without merit.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court