# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**99**

**KA 10-01779**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ERROL FOWLER-GRAHAM, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 6, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the first degree (Penal Law § 160.15 [3]). Defendant waived his present contention that Supreme Court erred in failing to set forth on the record at sentencing the reasons for its statement that "[y]outhful offender status is denied" inasmuch as defendant did not contend at the time of sentencing that he was entitled to a youthful offender adjudication (*see People v McGowen*, 42 NY2d 905, 906, *rearg denied* 42 NY2d 1015; *People v Crawford*, 85 AD3d 1620, 1620-1621, *lv denied* 17 NY3d 858; *see generally* CPL 720.20 [1]). In addition, defendant failed to preserve for our review his contention that the court's failure to adjudicate him a youthful offender constitutes an abuse of discretion "inasmuch as he failed to seek that status either at the time of the plea proceedings or at sentencing" (*People v Fowler*, 28 AD3d 1183, 1184, *lv denied* 7 NY3d 788; *see People v Wright*, 81 AD3d 1394), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We also decline to grant defendant's request to exercise our interest of justice jurisdiction to afford him such status (*see People v Jock*, 68 AD3d 1816, *lv denied* 14 NY3d 801). Finally, the sentence is not unduly harsh or severe.

Entered: February 10, 2012                    Frances E. Cafarell
                                              Clerk of the Court