# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

985

KA 11-02160

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

SAMUEL CHANDLER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SAMUEL CHANDLER, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL D. SMITH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 12, 2011. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [1]), defendant contends in his main brief that Supreme Court erred in granting his request at trial to proceed pro se. We reject that contention. "A defendant in a criminal case may invoke the right to defend [pro se] provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17). "If a timely and unequivocal request has been asserted, then the trial court is obligated to conduct a 'searching inquiry' to ensure that the defendant's waiver is knowing, intelligent, and voluntary" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385; *see People v Crampe*, 17 NY3d 469, 481-482, *cert denied* ___ US___, 132 S Ct 1746).

Here, defendant does not dispute that his request to represent himself was unequivocal, nor does he contend that he engaged in conduct that would prevent the fair and orderly disposition of the trial. Even assuming, arguendo, that defendant's request was not timely asserted, we conclude that he was not prejudiced by the court's implicit determination to the contrary. We further conclude, upon our

review of "the whole record, not simply . . . [the] waiver colloquy" (*People v Providence*, 2 NY3d 579, 582), that defendant made a knowing, voluntary and intelligent waiver of his right to counsel.  Before granting defendant's request to proceed pro se, the court conducted the requisite searching inquiry, during which defendant stated, inter alia, that he had successfully represented himself at trial in a prior case.  From his initial appearance to his mid-trial request to proceed pro se, defendant expressed dissatisfaction with his assigned attorneys, against whom he had filed multiple complaints with the Attorney Grievance Committee, and he engaged in concerted efforts to assist in his defense.  The court "had numerous opportunities to see and hear . . . defendant firsthand, and, thus, had general knowledge of defendant's age, literacy and familiarity with the criminal justice system" (*People v Anderson*, 94 AD3d 1010, 1012, *lv denied* 19 NY3d 956, *reconsideration denied* 19 NY3d 1101 [internal quotation marks omitted]).  In addition, the court fulfilled its obligation to ensure that defendant was "aware of the dangers and disadvantages of self-representation" (*Providence*, 2 NY3d at 582 [internal quotation marks omitted]).

Defendant contends in his main and pro se supplemental briefs that he was denied effective assistance of counsel during the period of counsel's representation.  To the extent that defendant's contention concerns matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL article 440 (*see People v Ocasio*, 81 AD3d 1469, 1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318).  On the record before us, we conclude that defendant was afforded effective assistance (*see People v Brown*, 6 AD3d 1125, 1126, *lv denied* 3 NY3d 657).

We have reviewed the remaining contentions in defendant's main brief and pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court