# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**915**

**KA 14-00015**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                        MEMORANDUM AND ORDER

JOHN W. KREUTTER, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Michael L. D'Amico, A.J.), rendered February 1, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, sexual abuse in the third degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that County Court failed to conduct a "searching inquiry" before granting his prehearing request to proceed pro se. We reject that contention. "A defendant in a criminal case may invoke the right to defend [pro se] provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17). "If a timely and unequivocal request has been asserted, then the trial court is obligated to conduct a 'searching inquiry' to ensure that the defendant's waiver is knowing, intelligent, and voluntary" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385; *see People v Crampe*, 17 NY3d 469, 481-482, *cert denied sub nom. New York v Wingate*, ___ US ___, 132 S Ct 1746). As the reviewing court, we may "look to the whole record, not simply to the waiver colloquy, in order to determine if a defendant effectively waived counsel" (*People v Providence*, 2 NY3d 579, 583). Based on our review of the whole record, we conclude that defendant knowingly, intelligently and voluntarily waived his right to counsel (*see People v Malone*, 119 AD3d 1352, 1353; *People v Chandler*, 109 AD3d 1202, 1203, *lv denied* 23 NY3d 1019).

Defendant contends that he was subjected to coercive and

threatening questioning by a sheriff's investigator under circumstances in which a reasonable person would conclude that he was not free to leave and thus his statements to that investigator should have been suppressed.  He further contends that the erroneous admission in evidence of those statements is not harmless error.  We reject those contentions and conclude that the court properly denied defendant's motion to suppress those statements (*see People v Zuke*, 87 AD3d 1290, 1291, *lv denied* 18 NY3d 887; *People v Schroo*, 87 AD3d 1287, 1288, *lv denied* 19 NY3d 977).  Defendant contends that he was denied effective assistance of counsel at trial when standby counsel purportedly conceded that defendant was subject to noncustodial interrogation.  That contention lacks merit inasmuch as the proof at trial established that defendant was not subject to custodial interrogation when he was interviewed by a sheriff's investigator (*see generally People v Centano*, 76 NY2d 837, 838; *Schroo*, 87 AD3d at 1288).

Defendant's contentions that the conviction is not supported by legally sufficient evidence and that the court abused its discretion in not defining the parameters of standby counsel's representation are not preserved for our review (*see generally People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]).  Defendant's further contention that a mode of proceedings error occurred as a result of the court's failure to define the parameters of standby counsel's representation is raised improperly for the first time in defendant's reply brief and therefore is not properly before us (*see People v Ford*, 69 NY2d 775, 777, *rearg denied* 69 NY2d 985; *People v Hall*, 106 AD3d 1513, 1514, *lv denied* 22 NY3d 956).  Defendant proceeded pro se at trial and did not object to the court's jury charge or verdict sheet, and thus his further contentions attributing errors to standby counsel with respect to those matters also lack merit (*see generally People v Brockenshire*, 245 AD2d 1065, 1065-1066, *lv denied* 91 NY2d 940).  Moreover, defendant may not use the alleged errors of standby counsel to raise unpreserved challenges to the court's charge and verdict sheet (*see* CPL 470.05 [2]; *see generally People v Duda*, 45 AD3d 1464, 1466, *lv denied* 10 NY3d 764).

Defendant's contention that he was denied effective assistance of counsel by his prior attorney's failure to allow him to testify before the grand jury "involves matters outside the record on appeal and thus is properly raised by way of a motion pursuant to CPL article 440" (*People v Frazier*, 63 AD3d 1633, 1634, *lv denied* 12 NY3d 925).  To the extent that defendant contends that the verdict is against the weight of the evidence, we have reviewed the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and we conclude that an acquittal would have been unreasonable based upon the weight of the credible evidence presented at trial, and thus the verdict is not against the weight of the evidence (*see generally id.* at 348; *People v Bleakley*, 69 NY2d 490, 495).

Entered:  October 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court