People v Arroyo (2018 NY Slip Op 08818)





People v Arroyo


2018 NY Slip Op 08818


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1263 KA 17-00095

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDERSON ARROYO, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 13, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [3]). We reject defendant's contention that Supreme Court erred in refusing to suppress physical evidence seized following a traffic stop of his vehicle. The evidence at the suppression hearing established that the police officer who initiated the stop had probable cause to stop defendant's vehicle for a violation of Vehicle and Traffic Law § 1111 (d) (1). We further conclude that the officer had a founded suspicion that criminal activity was afoot and he was therefore justified in asking for defendant's consent to search the vehicle (see People v McGinnis, 83 AD3d 1594, 1595 [4th Dept 2011], lv denied 18 NY3d 926 [2012]; People v Tejeda, 217 AD2d 932, 933 [4th Dept 1995], lv denied 87 NY2d 908 [1995]). At the time the officer asked defendant for his consent, the officer was aware that an armed robbery had occurred in physical and temporal proximity to the stop and that the robbery had involved two suspects whose clothing partially matched items either worn by defendant and the other occupant of the car or found in the backseat. Further, the officer testified that the occupants were not wearing coats despite the freezing weather and gave illogical and contradictory responses to his questions (see McGinnis, 83 AD3d at 1595; cf. People v Hightower, 136 AD3d 1396, 1396-1397 [4th Dept 2016]). Defendant abandoned his contention that the People failed to establish through clear and convincing evidence that he consented to the search of his vehicle (see People v Carrasquillo, 142 AD3d 1359, 1360 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]) and, in any event, that contention lacks merit. Finally, in light of our determination, defendant's remaining contentions are moot.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court